UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ZIMMER, INC., a Delaware Corporation, and ZIMMER HOLDINGS, INC., a Delaware Corporation, | ) ) ) ) ) | No. 10 C 3170 |
| Plaintiffs, | ) ) | District Judge Blanche M. Manning |
| v. | ) ) | Magistrate Judge Susan E. Cox |
| W. Norman Scott, M.D., | ) ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

Susan E. Cox, Magistrate Judge

This action began in state court in April 2010 when plaintiffs, Zimmer Inc. and Zimmer Holdings, Inc. (collectively "Zimmer"), filed a complaint to vacate an arbitration award that was entered against it. The underlying arbitration award required Zimmer to pay attorneys' fees in the amount of $350,000 to defendant, Norman Scott, M.D.[1] The case has since been removed to federal court and is now before us for discovery supervision, settlement conference, and all nondispositive pretrial motions. First, however, we are to determine whether the underlying arbitration award remains confidential. The two motions before us are: Dr. Scott's motion to unseal the award [dkt 28] and Zimmer's motion to seal the award [dkt 26]. After these motions were filed, Zimmer filed a motion to set a briefing schedule for these motions, and a memorandum in support.[2] In making its finding that the parties were to file no further motions requesting the setting of briefing schedules,

---

[1] Mem. Law in Opp. To Pls.' Mot. to Seal at 2-3.
[2] Dkts. 32, 33.

the district court struck Zimmer's motion as unnecessary.[3] We find the filings before us to be sufficient to make a determination and grant Dr. Scott's motion to unseal the award [dkt 28] and deny Zimmer's motion to seal the award [dkt 26].

**I.     Background**

Zimmer is a public company engaged in the medical device industry.[4] The defendant, Dr. Scott, alleged Zimmer failed to pay royalties due to him under certain licensing agreements that involved the development of orthopaedic knee implants.[5] Zimmer also allegedly failed to furnish to Dr. Scott required quarterly royalty statements.[6] The parties agreed to arbitration but, just before the arbitration hearing, Zimmer withdrew its affirmative defenses and agreed to pay Dr. Scott all past due royalties.[7] Dr. Scott then filed a motion with the Arbitration Panel ("Panel") seeking reimbursement for attorneys' fees and costs he expended in originally seeking his royalty payments, alleging Zimmer filed its defenses in bad faith.[8]

The panel found it had "inherent authority to award attorneys' fees when a party engages in bad faith litigation" or files frivolous defenses or claims.[9] The panel held that Zimmer and its counsel did not engage in bad faith litigation tactics. But to resolve the other issue - whether Zimmer's failure to pay Dr. Scott, proceed to arbitration, and then pay in full nineteen months later constituted bad faith - the Panel determined an evidentiary hearing would be required.[10] Ultimately, on March 5, 2010, the Panel concluded that Zimmer acted in bad faith when it initially filed its

---

[3] Dkt 35.
[4] Compl. ¶ 2.
[5] *Id.* at ¶ 6.
[6] *Id.*
[7] Mem. Law in Opp. To Pls.' Mot. to Seal at 2.
[8] Compl. ¶¶ 7-8.
[9] Mem. Law in Opp. To Pls.' Mot. to Seal, Ex. 2, Interim Award at 10.
[10] *Id* at 11.

affirmative defenses.[11] The panel ordered Zimmer to pay Dr. Scott's attorneys' fees and costs of the arbiters.[12] Approximately three months later Dr. Scott filed a motion to confirm the arbitration award, and Zimmer then commenced this action to challenge that arbitration award.[13]

## II.  Analysis

Zimmer argues that the Court should permit the arbitration award to be filed under seal because, at the time that the award was entered, the panel found as follows:

> the Panel orders that the Confidentiality Agreement and Order shall continue in full force and effect, and that the hearing testimony, exhibits and this Final Award shall all be maintained in confidence pursuant to the terms of the Confidentiality Agreement and Order, and...the parties shall take all reasonable steps to preserve its confidentiality...until a court shall rule otherwise.[14]

That is the extent of Zimmer's argument in its motion to seal. Zimmer, however, further argues its position in the memorandum in support of its motion to set a briefing schedule, which was already stricken by the district court. Because the arguments in that motion relate to this issue, for purposes of a full analysis we will briefly address them. Citing to a case from the Eastern District of New York, Zimmer claims that "...there is no presumption of access to the terms of such confidential settlement agreements absent extraordinary circumstances or a compelling need."[15] The Court in that case also extended this reasoning to arbitration agreements.[16]

But in the Seventh Circuit there is a strong presumption in favor of access to court files and documents. As our courts have noted, the public at large funds the courts and has a right to know

---

[11]Final Award, submitted *in camera,* at 1-2.
[12]*Id.* at 2.
[13]*See* Mem. Law In Opp. To Pls.' Mot. To Seal at 3.
[14]Final Award, submitted *in camera,* at 2-3.
[15]*See Fireman's Fund Ins. Co. v. Cunningham Lindsey Claims Management*, Nos. 03C0531 and 03CV1625, 2005 WL 1522783 at *4 (E.D.N.Y. June 28, 2005).
[16]*Id (*stating that *"*[w]hile the above cases dealt with settlement agreements, their reasoning is equally applicable to the arbitration setting."*)*.

what goes on during judicial proceedings.[17] Judge Moran, paraphrasing *Grover Fresh Distrib., Inc. v. Everfresh Juice Co.*, stated "...there must be a convincing demonstration that suppression is essential to preserve higher values and is narrowly tailored to serve that interest before the presumption is rebutted."[18] Only good cause demonstrated by the party seeking confidentiality can rebut that presumption.[19] Any doubt whether material should be sealed should be resolved in favor of disclosure.[20] Magistrate Judge Cole espoused, in line with the Seventh Circuit, that "the corollary principle [is] that 'a [motion to] seal is an exceptional measure' to be resorted to in 'an exceptional circumstance.'"[21]

Dr. Scott has referred us to this same line of decisions. In his motion he notes that the Seventh Circuit has held - at least as to discovery and arbitration awards - that a party who refuses to accept an arbitration award has no right to maintain the confidentiality of the award.[22] More specifically,"...dispositive documents in any litigation enter the public record notwithstanding any earlier agreement."[23] Dr. Scott then argues that Zimmer has failed to establish the good cause required for court documents to be sealed. Zimmer's only support for keeping the award under seal is the actual language in the arbitration award and because no other justification has been sufficiently shown by Zimmer - such as the need for protection of trade secrets - the award should

---

[17] *Grover Fresh Distrib.,Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 897 (7th Cir. 1994) (citing *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501 (1984)).
[18] *Chao v. Estate of Fitzsimmons*, 349 F. Supp.2d 1082, 1085 (N.D. Ill. Oct. 21, 2004).
[19] *See Citizens First National Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999); *In re Bank One Sec. Litig.*, 222 F.R.D. 582, 586 (N.D. Ill. Aug. 5, 2004).
[20] *In re Bank One Sec. Litig.*, 222 F.R.D. at 586.
[21] *United Auto. Ins. Co. v. Veluchamy*, No. 09C5487, 2010 WL 889980 at *3 (N.D. Ill. Mar. 11, 2010).
[22] *Baxter Int'l v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2009)(holding that "Baxter, whose refusal to accept the result of the arbitration is the cause of the current problem, has no claim to keep a lid on its own documents. . . .It had. . .a sure path to dispute resolution with complete confidentiality: accept the result of the closed arbitration.").
[23] *Id.* at 546 (emphasis omitted).

not be kept sealed in these proceedings.

We agree. As the Seventh Circuit has explained, "...once a party seeks judicial review of an arbitration award" the confidentiality of that award is "...lost absent compelling justification."[24] In *Baxter Int'l v. Abbott Labs.,*[25] the parties jointly requested to file documents under seal while broadly claiming certain documents as "confidential" without analysis as to why. In that case, Judge Easterbrook aptly stated:

> Beyond asserting that the document [in question] must be kept confidential...[the party] contends only that disclosure 'could ... harm [the party's] competitive position.' How? Not explained. Why is this sort of harm...a legal justification for secrecy in litigation? Not explained. Why is the fact that some other document contains references to a license sufficient to conceal the referring document? Not explained.[26]

Zimmer summarily argues that disclosure of the award would violate the confidentiality that the arbiters imposed upon the parties during arbitration. Though, like in *Baxter*, it does not address or specify why, beyond the existence of the confidentiality imposed by the arbiters.

There are two additional arguments to address, which are also found in Zimmer's motion for a briefing schedule.[27] Zimmer argues that: the cases cited by Dr. Scott (and now by this Court) are not relevant to this dispute because those cases did not involve arbitrations that were to remain confidential, and; Dr. Scott is judicially estopped from moving to unseal documents because he previously moved the Court to seal documents.[28] The first argument does not get far. What we must take from the Seventh Circuit cases cited here is the requirement that a party show specific

---

[24] *See Union Oil Co. Of Cal. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000).
[25] 297 F.3d 544.
[26] *Baxter*, 297 F.3d at 547 (emphasis omitted).
[27] *See* dkts32, 33.
[28] *New Hampshire v. Maine,* 532 U.S. 742, 749 (2001)(stating, "where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him.")(quoting *Davis v. Wakelee*, 156 U.S. 680, 689 (1895)).

justification for documents to remain confidential.[29] Zimmer has not done so.

As to Zimmer's second argument - that Dr. Scott previously filed documents under seal on June 17, 2010[30] so he cannot now reverse his position and request that future documents be unsealed - we also disagree. As explained by Dr. Scott, these documents were filed under seal only to ensure that he was in compliance with the confidentiality obligations in the original arbitration award.[31] At the time, Dr. Scott expressly stated that he was reserving his rights to move to unseal these documents at a later date.[32] So there is no estoppel argument, as suggested by Zimmer, that would prevent the unsealing of the arbitration award.

---

[29]*Union Oil Co. of Cal.,* 220 F. 3d at 568.
[30]*See* dkts. 18, 21, 22.
[31]Mem. Law in Opp. To Pls.' Mot. to Seal, Ex. 3, Defs' Mot. for Leave to File Arbitration Under Seal at 2.
[32]*Id.*

We find that Zimmer has failed to present a compelling justification for the award to remain confidential. Because Zimmer is the party refusing to accept the result of the arbitration award, it "has no claim to keep a lid on its own documents."[33] As noted in *Baxter,* "[i]t had, and spurned, a sure path to dispute resolution with complete confidentiality: accept the result of the closed arbitration."[34] Zimmer's motion to seal the award is, therefore, denied [dkt 26] and Dr. Scott's motion to unseal the award is granted [dkt 28].

**IT IS SO ORDERED**.

**ENTERED: July 28, 2010**

_____
**UNITED STATES MAGISTRATE JUDGE**
**Susan E. Cox**

---

[33] *Baxter,* 297 F.3d at 548.
[34] *Id.*