**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ZIMMER, INC. and ZIMMER HOLDINGS, INC., | ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 10 C 3170 & 10 C 3298 |
| W. NORMAN SCOTT, M.D., | ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

In this diversity action which was removed from the Circuit Court of Cook County, Dr. W. Norman Scott seeks to confirm an arbitration award granting him attorneys' fees based on a finding that Zimmer, Inc., and Zimmer Holdings, Inc. (collectively, Zimmer) had engaged in bad faith conduct. Zimmer, on the other hand, has filed a cross-motion to vacate the arbitration award. For the following reasons, Dr. Scott's motion to confirm is granted and Zimmer's motion to vacate is denied.

## Background

In happier days in the mid-1990s, W. Norman Scott, M.D. – an orthopedic physician who specializes in knee reconstruction and replacement – granted Zimmer a license to manufacture and distribute an artificial knee device called the "NextGen Knee System." The parties' agreement required Zimmer to pay Dr. Scott royalties. The parties subsequently entered into a similar licensing agreement based on a new device called the "Mobile Bearing Knee" ("MBK"). The parties' agreements contained arbitration clauses vesting an arbitrator with "the right to award . . . any relief which [it] deems proper." Dkt. 11, Ex. 6 & 11, Art. XXI.

By 2004, the parties' relationship had fallen apart. Contending that Zimmer had failed to properly compute and pay royalties, Dr. Scott commenced arbitration proceedings. In 2005, the parties entered into a settlement agreement and reaffirmed their obligations to each other under the Next Gen and MBK licensing agreements.

Dr. Scott's arbitration complaint was not Zimmer's only legal problem, as in early 2005 while the arbitration proceedings were pending, Zimmer (and four other manufacturers of orthopedic devices) were the subject of an investigation by the United States Department of Justice concerning a possible violation of the federal anti-kickback statute, 42 U.S.C. § 1320a-7b. In January of 2006, while the federal investigation was pending, the parties ratified the two licensing agreements for a second time. In September of 2007, Zimmer entered into a deferred prosecution agreement and the government released Zimmer from civil liability.

The parties' truce did not last, as in April of 2008, Dr. Scott commenced a second arbitration proceeding against Zimmer seeking royalty payments and attorneys' fees and costs. Zimmer defended until the eve of the arbitration hearing, which was scheduled to proceed in Chicago, when it withdrew its defenses, announced that it would not attend the hearing, and agreed to pay the royalties sought by Dr. Scott.

Dr. Scott subsequently filed a motion seeking an award of attorneys' fees and costs, plus prejudgment interest. In response, the arbitration panel issued an order awarding prejudgment interest. Based on its inherent authority under the Federal Arbitration Act and Indiana law (per the choice of law clauses in the parties' agreements), the panel also held that it had the authority to sanction Zimmer if it found Zimmer had asserted defenses in bad faith. It thus scheduled an evidentiary hearing on this issue. The panel ultimately ruled in Dr. Scott's favor and issued a

final award ordering Zimmer to pay $350,000 in attorneys' fees and $5,624.99 in administrative fees and expenses.

Zimmer filed a complaint to vacate the arbitration award in the Circuit Court of Cook County, which Dr. Scott removed to this court based on diversity jurisdiction. Zimmer states that it "is only challenging by way of its Motion to Vacate the legal issue of whether the Panel erred in holding that it possessed 'inherent authority' to award attorneys' fees." Dkt. 51 at 1 n.1.

## Discussion

The parties agree that the court should treat Zimmer's complaint as a motion to vacate the arbitration award.[1] Zimmer contends that Illinois law controls because the arbitration took place in Chicago. It then reasons that because Illinois follows the American Rule and allows a prevailing party to recover fees only if authorized by the parties' agreement or a statute, the arbitrators exceeded the scope of their authority when they awarded fees to Dr. Scott. Alternatively, Zimmer also contends that because the parties selected Indiana law in the choice of law section of their contracts, that law governs fee awards and requires this court to vacate the fee award as Indiana follows the American Rule. Dr. Scott, on the other hand, champions the application of federal law and asserts that an award of fees pursuant to federal law is proper.

The Seventh Circuit has declined to reach whether the American Rule applies to arbitration. *See Wilson v. Sterling Foster & Co., Inc.*, No. No. 98 C 2733, 1998 WL 749065, at *6 (N.D. Ill. Oct. 15, 1998) (collecting cases); *Gingiss Int'l, Inc. v. Bormet*, 58 F.3d 328, 332 (7th Cir. 1995) (resolving fee question on alternate grounds); *see also Tennessee Dep't of Human*

---

[1] Because the parties have agreed to construe Zimmer's complaint to vacate the arbitration award as a motion, Dr. Scott's motion to dismiss Zimmer's complaint as procedurally improper is denied.

-3-

*Servs. v. United States Dep't of Educ.*, 979 F.2d 1162, 1169 (6th Cir. 1992) (the American Rule does not apply to arbitration proceedings). This court similarly need not reach the issue or determine whether federal or Indiana law applies as the parties' agreements contain indisputably broad arbitration clauses vesting the arbitration panel with "the right to award . . . any relief which [it] deems proper."[2] Dkt. 11, Ex. 6 & 11, Art. XXI.

"A reviewing court will enforce the arbitrator's award so long as it 'draws its essence from the contract,' even if the court believes that the arbitrator misconstrued its provisions. An arbitrator's decision draws its essence from the contract if it is based on the arbitrator's interpretation of the agreement, correct or incorrect though that interpretation may be." *United Food and Commercial Workers, Local 1546 v. Illinois-American Water Co.*, 569 F.3d 750, 754-55 (7th Cir. 2009), *quoting United Paperworkers Int'' Union v. Misco, Inc.*, 484 U.S. 29, 36 (1987); *see also Trustmark Ins. Co. v. John Hancock Life Ins. Co.*, — F.3d —, No. 09-3682, 2011 WL 285156, at *5 (7th Cir. Jan. 31, 2011) ("among the powers of an arbitrator is the power to interpret the written word, and this implies the power to err; an award need not be correct to be enforceable. It is enough if the arbitrators honestly try to carry out the governing agreements") (internal citations omitted).

The parties agreed to allow the arbitration panel to award "*any* relief which [it] deems proper." Dkt. 11, Ex. 6 & 11, Art. XXI (emphasis added). Zimmer has pointed to no authority indicating that the "any relief" language precludes an award of fees. Instead, in the event that the

---

[2] The court will not consider the alternate question of whether these clauses mean that even if Indiana law applied, the parties contracted around it by agreeing to allow the arbitrators to award any relief they deem proper as Zimmer limited its argument to "whether the Panel erred in holding that it possessed 'inherent authority' to award attorneys' fees." Dkt. 51 at 1 n.1.

court finds that the arbitrators had the authority to award fees, Zimmer provides the fall-back argument that the court should rule in its favor because the arbitrators got it wrong. See Dkt. 51 at 16-17. This argument is at odds with Seventh Circuit precedent regarding the proper scope of review. *See United Food and Commercial Workers, Local 1546 v. Illinois-American Water Co.*, 569 F.3d at 754-55 ("once we conclude that the arbitrator did in fact interpret the contract, our review is concluded"). Thus, the court declines to conduct a de novo review of the arbitration panel's decision. *See id.*; *see also Bhd. of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment v. Union Pac. R.R. Co.*, 522 F.3d 746, 757 (7th Cir. 2008) ("the question before a federal court is not whether the . . . arbitrators erred in interpreting the contract; it is not whether they clearly erred in interpreting the contract; it is not whether they grossly erred in interpreting the contract; it is whether they interpreted the contract") (internal quotations omitted).

Accordingly, the court concludes that the arbitrators had the authority to award attorneys' fees to Dr. Scott. Based on this ruling, the court declines to vacate the arbitration award on the grounds that the arbitrators exceeded their powers. 9 U.S.C. § 10(a)(4).

## **Conclusion**

For the reasons set forth above, Dr. Scott's motion to confirm the arbitration award or to dismiss Zimmer's complaint seeking to vacate that award [#10] is granted in part and denied in part. Specifically, Dr. Scott's motion to confirm is granted and his motion to dismiss Zimmer's complaint as procedurally improper is denied. In addition, Zimmer's motion to vacate [#51] is denied. Dr. Scott's motion for leave to file an opposition to Zimmer's motion to vacate [#54] is denied as the parties' cross-motions to confirm and vacate adequately set forth their positions.

The clerk is directed to enter a Rule 58 judgment and to terminate this case from the court's docket.

DATE: February 14, 2011

_____
Blanche M. Manning
United States District Judge